IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TYRONE WILLIAM HOLLAND, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| NATHAN DEAL, | :: | CIVIL ACTION NO. |
| Defendant. | :: | 1:15-CV-1867-TWT-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff is a former state prisoner who, pro se, challenges the constitutionality of a provision in Georgia's child sex offender registration statute (the "registration law"). (Doc. 1.) Defendant filed a motion to dismiss the case for failure to state a claim upon which relief may be granted. (Doc. 35.) Plaintiff filed a response opposing that motion, (doc. 38), and Defendant filed a reply, (doc. 39).

Plaintiff also filed a motion for leave to file a supplemental brief, along with the brief. (Doc. 40.) That motion is **GRANTED NUNC PRO TUNC**.

**I.    Background**

In May 1996, Plaintiff was convicted of child molestation and sentenced to twenty years' imprisonment. (Doc. 1 at 5); *see* Ga. Dep't of Corr. Offender Search, http://www.dcor.state.ga.us/GDC/OffenderQuery (last visited Apr. 9, 2018). Plaintiff was released from prison in 2015. (Doc. 40-1 at 3.)

AO 72A
(Rev.8/82)

In July 1996, Georgia enacted the registration law, which requires certain persons to register as sex offenders. O.C.G.A. § 42-1-12. The statute lists eight types of persons who are required to register. *Id.* § 42-1-12(e). The word "or" appears after the seventh, and before the final, type of persons in the list. *Id.* § 42-1-12(e)(7). The list includes any one who

> (1) Is convicted on or after July 1, 1996, of a criminal offense against a victim who is a minor;
>
> [or]
> . . . .
>
> (3) Has previously been convicted of a criminal offense against a victim who is a minor and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996;

*Id.* § 42-1-12(e)(1)-(3).

In his complaint, Plaintiff claimed that the requirement that some, but not all, persons convicted before July 1, 1996, register as sex offenders is unconstitutional. (Doc. 1.) Plaintiff is required to register because he was convicted before July 1, 1996, and was not released from prison until after that date, which is the situation described in § 42-1-12(e)(3). (*See id.*; Doc. 40-1.) Plaintiff claimed that the requirement violates his constitutional rights to substantive due process, equal protection, and to be free from cruel and unusual punishment. (Doc. 1.)

2

Defendant, in his motion to dismiss, argues that the registration requirement is constitutional and, thus, that Plaintiff's complaint fails to state a claim upon which relief may be granted. (Doc. 35-1.) Defendant contends that the registration requirement is subject to the lowest level of constitutional scrutiny – rational basis review – because it does not implicate a fundamental right or discriminate on the basis of a suspect classification. (*Id.*) Defendant argues that there is a rational basis for distinguishing between convicted persons who were released from prison before the registration requirement was enacted and those, like Plaintiff, who were released after enactment. (*Id.*)

In his response to the motion to dismiss, Plaintiff states that Defendant has misconstrued his claim. (Doc. 38-1.) Plaintiff says his claim "is not rooted within category [42-1-12](e)(3), concerning those individuals who were released from prison prior to the statute's July 1, 1996 enactment date," but "[i]nstead, . . . derives from those individuals listed in category [42-1-12](e)(1)." (*Id.* at 6-7.) Plaintiff argues that "[b]ecause category (e)(3) relies on a element that is forbidden by category (e)(1)" – requiring those convicted before July 1, 1996 to register – "category (e)(3) [is] void on its face in violation of, both, the Plaintiff's equal protection rights, and his

3

(Rev.8/82)

fundamental rights of libert[y] interest under the Due Process Clause."[1] (*Id.* at 13.) Plaintiff "[a]gain . . . reiterate[d] that his . . . argument is rooted within category (1) of those individuals who he is similarly situated with in accordance to the date of his conviction." (*Id.* at 14.) As a result, Plaintiff says, "all the case law of authority set forth by the Defendant pertaining to this issue is irrelevant." (*Id.* at 14-15.)

## II.  Legal Standard For Defendant's Motion To Dismiss

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a complaint states a claim upon which relief can be granted, courts accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

To survive a motion to dismiss, a complaint must allege facts that, if true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). When a complaint challenges the constitutionality

---

[1] That is consistent with one of Plaintiff's filings before the motion to dismiss was filed. In that filing, Plaintiff argued that "one part of the statute [is] saying that it does not apply to the plaintiff [§ 42-1-12(e)(1)], while the other part of it [is] saying it does [§ 42-1-12(e)(3)]." (Doc. 28 at 7.)

4

of a statute, the resolution of that challenge is a question of law. *Cooper v. Dillon*, 403 F.3d 1208, 1213 (11th Cir. 2005).

### III.  Analysis

As discussed above, Plaintiff has clarified that his claims are based on the purported conflict between the first and third type of person listed in the registration law. *Supra* Part I. The first type of person that must register is anyone who is convicted after July 1, 1996. O.C.G.A. § 42-1-12(e)(1). The third type is anyone who was convicted before that date but who was not released from prison until after that date. *Id.* § 42-1-12(e)(3). Plaintiff falls in the latter category. Plaintiff contends, perhaps because it appears first, that § 42-1-12(e)(1) limits the registration requirement to persons convicted after July 1, 1996. (Doc. 28 at 7; Doc. 38-1 at 6-7, 13-15.) Because § 42-1-12(e)(3) conflicts with § 42-1-12(e)(1) in the sense that it requires some persons convicted before July 1, 1996, to register, Plaintiff contends that it is void on its face. (*Id.*)

Plaintiff's claim lacks merit for the simple fact that the registration law expressly lists the eight types of persons in the disjunctive form and the first and third types are different. By using the word "or," the statute provides that § 42-1-12(e)(1) is not the only applicable category; it provides that a person is subject to the

5

registration requirement if he falls within any of the eight categories. Accepting Plaintiff's contrary argument would effectively write § 42-1-12(e)(2)-(e)(8) out of the statute, which the Court cannot do. Neither § 42-1-12(e)(1) nor any of the other subsections prohibits § 42-1-12(e)(3) from applying to Plaintiff.

The registration law does not otherwise violate the constitutional provisions Plaintiff identified in his complaint. The registration law does not impose cruel and unusual punishment because it is a regulatory, not a punitive, law. *See Smith v. Doe*, 538 U.S. 84, 96, 105 (2003) (holding that state's sex offender registration statute was "a civil, nonpunitive" law); *Wiggins v. State*, 702 S.E.2d 865, 868 (Ga. 2010) (holding that the registration law "is regulatory and not punitive in nature" and thus rejecting claim that the registration law violates the Eighth Amendment's proscription of cruel and unusual punishment); *Rainer v. State*, 690 S.E.2d 827, 828 (Ga. 2010) (same).

The registration law's differential treatment of persons convicted before July 1, 1996 – those released before that date do not have to register while those released after that date must register – does not violate Plaintiff's constitutional rights to substantive due process or equal protection. Strict scrutiny does not apply for two reasons. First, the registration law does not implicate a fundamental right. *See Doe*

*v. Moore*, 410 F.3d 1337, 1342-45 (11th Cir. 2005). Second, sex offenders are not a suspect class. *Id.* at 1346. Rational basis review thus applies. *See id.* at 1345-46.

"A statute is considered constitutional under the rational basis test when there is any reasonably conceivable state of facts that could provide a rational basis for it." *Id.* at 1346 (quotation marks omitted). The statute need only be rationally related to a legitimate governmental interest, which is why "[a]lmost every statute subject to the very deferential rational basis . . . standard is found to be constitutional." *Id.* at 1346-47 (quotation marks omitted).

Defendant notes, and Plaintiff does not dispute, that protecting the public from sex crimes against children and child sex offenders is a legitimate government interest. Courts have recognized as much. *See id.* at 1345; *Smith*, 538 U.S. at 93. The government's interest in fiscal "budget concerns and resource allocation" also is legitimate given that the public funds the government. *Doe*, 410 F.3d at 1348.

The registration law applies to only some persons convicted before the registration law's enactment date, namely those who are released from confinement or placed on parole, supervised release, or probation after that date. O.C.G.A. § 42-1-12(e)(3). It is conceivable that the State drew the line at that date for legitimate fiscal reasons. It is more expensive, and requires more resources, to locate and register sex

7

offenders who were released from confinement before the registration law was enacted, which is an unlimited period of time. *See Doe*, 410 F.3d at 1348. "[R]educing extraneous costs that can provide only moderate success in registering past sex offenders is rationally related" to the State's legitimate interest in conserving its limited resources. *Id.* (finding a rational basis for requiring registration of only sex offenders released after the state's sex offender registration law was enacted).

Because there is a conceivable basis for the registration law's challenged differentiation between child sex offenders that is rationally related to a legitimate government interest, the registration law does not violate Plaintiff's right to due process or equal protection. This Court, and others, have rejected similar challenges to the registration law. *See Taylor v. Barnard*, No. 1:16-CV-1665-TWT-CMS, 2016 WL 4492824 (Aug. 1, 2016), *adopted by* 2016 WL 4479503 (N.D. Ga. Aug. 25, 2016); *Doe v. Baker*, No. 1:05-CV-2265-TWT, 2006 WL 905368, at *5-7 (N.D. Ga. Apr. 5, 2006); *Wiggins*, 702 S.E.2d at 869; *Rainer*, 690 S.E.2d at 828-30. Plaintiff's challenge likewise fails.

## IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's motion to dismiss [35] be **GRANTED** and that this action be **DISMISSED**.

Plaintiff's motion for leave to file a supplemental brief [40] is **GRANTED NUNC PRO TUNC**.

**SO ORDERED & RECOMMENDED**, this 24 day of April, 2018.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE